IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>               Plaintiff,<br><br>ANDREA LIENDER,<br>               Plaintiff-Intervenor,<br><br>vs.<br><br>BODY FIRM AEROBICS, INC., d/b/a GOLD'S GYM,<br><br>               Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br><br><br><br><br><br>Case No. 2:03 CV 846 TC |

Defendant Body Firm Aerobics, Inc. filed objections to two orders issued by United States Magistrate Judge Samuel Alba. Although the court indicated that it would hear argument on the motions at the hearing currently scheduled for June 5, 2006, after reviewing the pleadings, the court determines that oral argument on Body Firm's objections is unnecessary.

Body Firm claims that Judge Alba erred by ordering the resumption of Ronald O. Littlebrant's deposition and by imposing sanctions on Body Firm's counsel. Body Firm also alleges that Judge Alba inappropriately ordered Body Firm to respond to interrogatories requesting financial information. The court concludes that Judge Alba committed no error warranting modification of the challenged orders.

**Analysis**

Review of a magistrate judge's discovery "'ruling is required by the district court when a

party timely files written objections to that ruling, and the district court must defer to the magistrate judge's ruling unless it is clearly erroneous or contrary to law.'" Miller v. Auto. Club of New Mexico, Inc., 420 F.3d 1098, 1117 (10th Cir. 2005) (quoting Hutchinson v. Pfeil, 105 F.3d 562, 566 (10th Cir. 1997)).  With that standard in mind, the court will discuss the two orders to which Body Firm objects.

*Order Compelling Resumption of Mr. Littlebrant's Deposition and Imposing Sanctions*

Body Firm first challenges Judge Alba's order compelling the resumption of Mr. Littlebrant's deposition and imposing sanctions on Body Firm's counsel for initially terminating that deposition.  Counsel for Body Firm terminated Mr. Littlebrant's deposition after counsel for Ms. Liender expressed a desire to ask Mr. Littlebrant questions following an examination of Mr. Littlebrant by counsel for the Equal Employment Opportunity Commission.

Body Firm argues that further questioning of Mr. Littlebrant by counsel for Ms. Liender was impermissible because Ms. Liender had not yet filed a complaint in intervention and was therefore not a party to the lawsuit at the time of the deposition.  Alternatively, even if Ms. Liender was a party, Body Firm alleges that it is impermissible for two attorneys representing the same interests to examine a witness during a deposition.

Regardless of the legal merits of Body Firm's objections to the propriety of allowing questioning by Ms. Liender's counsel at the deposition, Body Firm has advanced no argument that would justify the decision of Body Firm's counsel to unilaterally terminate the deposition. See Fed. R. Civ. P. 30(c) ("All objections . . . to the manner of taking [a deposition] shall be noted . . . but the examination shall proceed, with the testimony being taken subject to the objections.").  Although counsel can move the court to terminate the examination of a witness, see Fed. R. Civ. P. 30(d), no such motion was made here, Body Firm's counsel simply ended the

deposition.

It is inappropriate for counsel to unilaterally terminate a deposition because counsel feels a valid objection to the continuation of the deposition exists. Rather, a motion with the court requesting termination is the proper course to follow. See Hanlin v. Mitchelson, 623 F.Supp. 452, 455 (D.C.N.Y. 1985), aff'd in part and rev'd on other grounds, 794 F.2d 834 (2nd Cir. 1986) ("Rule 30(d) is the only provision allowing the interruption of a deposition. The proper procedure to follow when an objection is raised to a question propounded in a deposition is for the attorney who raises the objection to note his objection but to allow the question to be answered." (citations omitted)).

Confronted with a similar situation, the court in Hanlin commented that "defense counsel went so far as to arrogate to himself the right to terminate the examination in a unilateral fashion without consideration of the applicable legal authority. This tactic contravenes the requirement that an application to terminate must be made to the court." Id. The court went on to explain that "[i]t is not the prerogative of counsel, but of the court, to rule on objections." Id. The court finds the reasoning of Hanlin persuasive and concludes it is applicable here.

Further, the court will not disturb Judge Alba's imposition of a $1,750.00 sanction against Body Firm's counsel. Magistrate judges have the authority to impose non-dispositive discovery sanctions, see 28 U.S.C. § 636, and the district court will only disturb the decision to impose sanctions if the decision was clearly erroneous or contrary to law. See Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1465 (10th Cir. 1988) ("[T]he standard of clearly erroneous or contrary to law used by the district court to review [the attorney fee sanction] was . . . appropriate.").

Body Firm contends that sanctions are inappropriate because the act of terminating the

deposition was "substantially justified." See Fed. R. Civ. P. 37(a)(4) (stating that sanctions are inappropriate if counsel's action in opposing discovery was "substantially justified").  But the court agrees with Judge Alba that Body Firm's counsel was not substantially justified when she decided to terminate Mr. Littlebrant's deposition.  While the merits of Body Firm's objections to the deposition might be debatable, the tactic adopted by Body Firm's counsel--termination of the deposition--was simply not appropriate under the rules of civil procedure.  It was the act of termination that necessitated the motion to compel and the court is aware of no situation where a failure to abide by the rules of civil procedure is "substantially justified."

It appears from the court's review of the docket that Ms. Liender's attorney never filed an affidavit of costs with the court in connection with the sanctions award issued by Judge Alba.  But Body Firm did receive a copy of an affidavit of costs and objected to it, arguing that the fees claimed by Ms. Liender's counsel were excessive.  Judge Alba ultimately reduced the requested award of just over $3000.00 to $1750.00.  Body Firm has not objected to that amount and the court finds that Judge Alba did not error in concluding that $17500.00 is a reasonable sanction under the circumstances.

*Order Compelling Responses to Discovery Respecting Punitive Damages*

Body Firm additionally objects to Judge Alba's order that Body Firm respond to three interrogatories propounded by Ms. Liender.  The interrogatories in question seek information relating to Body Firm's gross and net income--both past and present--as well as Body Firm's projected earnings per share for the next four years.  Ms. Liender claims that the information is relevant to establishing a proper punitive damages award.

Body Firm objected and refused to provide the requested information, claiming that the facts of this case do not support a claim for punitive damages.  In its pleading before this court,

Body Firm also alleges that the interrogatories request financial information from irrelevant years. That objection was not raised in Body Firm's response to Ms. Liender's interrogatories, in its pleadings before Judge Alba, or in the oral argument presented to Judge Alba.[1] Review of a magistrate judge's ruling is not de novo and the court therefore will not consider Body Firm's new argument challenging the appropriateness of the time period covered by the interrogatories. See City of Wichita v. Aero Holdings, Inc., 192 F.R.D. 300, 302 (D. Kan. 2000) (review of a magistrate's order "is not a de novo review permitting a second shot at non-disclosure based on new arguments").

The court agrees with Judge Alba that Body Firm has failed to raise a meritorious objection to the interrogatories in question. A party "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1). Relevant information "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Plaintiffs have requested that punitive damages be awarded in this case and argue that the requested financial information is relevant to that punitive damages claim. The court agrees. See Horizon Holdings, L.L.C. v.

---

[1] In its objection, Body Firm states that "[t]he Magistrate did not specify the years for which information should be produced. But Body Firm believed it was understood at the hearing that the relevant time period was the year of the alleged discrimination, plus the proceeding year." (Def.'s Obj. to Mag.'s Order Compelling Responses to Plf.-Intervenor's Disc. Respecting Punitive Dam. 3.) Perhaps in an attempt to justify its "belief," Body Firm attached one page of the transcript of the proceedings before Judge Alba. A review of the complete transcript reveals that no discussion or argument occurred at the hearing concerning whether Ms. Liender's punitive damages interrogatories should be confined to a certain time period. Taken in context, it is undeniable that the discussion recorded on the one page of the transcript provided by Body Firm does not address the time period relevant to Ms. Liender's punitive damages discovery requests. Rather, that page is an excerpt of a discussion of whether the several entities involved with Gold's Gym are a single employer for the purposes of Title VII.

Genmar Holdings, Inc., 209 F.R.D. 208, 216 & n. 7 (request for financial information is relevant to punitive damages claims made under federal discrimination statutes).  Further, "[w]hen a punitive damages claim has been asserted by the plaintiff, a majority of federal courts permit pretrial discovery of financial information of the defendant without requiring plaintiff establish a prima facie case on the issue of punitive damages."  Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc., 130 F.R.D. 149, 151 (D. Kan. 1990) (citing cases).

      Body Firm opposed providing the requested financial information by claiming that Plaintiffs had not established facts that would support sending the question of punitive damages to the jury.  Body Firm, in essence, asked Judge Alba to hold that Plaintiffs' punitive damages claim was insufficient as a matter of law.  Such an argument is inappropriate when opposing a discovery request.  Body Firm was either asking Judge Alba to presuppose that this court would grant Body Firm summary judgment on Plaintiffs' punitive damages claim, or was requesting that Judge Alba himself make such a holding.  This is so, as accepting Body Firm's position would require the acceptance of the proposition that Plaintiffs lack a viable punitive damages claim.

      The transcript of the relevant hearing shows that Judge Alba recognized the impossibility of accepting Body Firm's position:

> THE COURT: That's what I'm asking. Whose job is that to be?  That's going to be Judge Campbell's at the appropriate time.
> MR. HOBBS: It is.  That is going to be Judge Campbell's.  This is a simple discovery motion, Your Honor.

(Transcript of Proceedings Before Judge Alba, Jan. 24, 2006.)

      Body Firm could have requested a protective order or a stay in an effort to retain the financial information pending resolution of the parties' disagreement over the viability of the punitive damages claim, but no such request was made.  Under the circumstances, the court

concludes that Judge Alba made no error when he compelled Body Firm to respond to interrogatories seeking information relevant to a claim currently in the case.

## Conclusion

The court concludes that Judge Alba committed no error warranting modification of the challenged orders. The deposition of Mr. Littlebrant is to resume and the $1750.00 sanction against Body Firm's counsel stands. Further, Body Firm is hereby ordered to respond to those interrogatories of Mr. Liender that request financial information relevant to the punitive damages claim. Accordingly, Body Firm's Objection to Order Denying Motion to Reconsider Ruling on Motion to Compel Resumption of Deposition of Ronald O. Littlebrant and Granting Defendant's Motion for Protective Order and Defendant's Objection to Magistrate's Order Compelling Responses to Plaintiff-Intervenor's Discovery Respecting Punitive Damages are DISMISSED and the challenged orders of the magistrate are affirmed.

SO ORDERED this 1st day of June, 2006.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge